RUSH
v.
PARKER.

brought up to last term. The party ought to have come prepared to support the jurisdiction.

*March 15.*

This being the last day of the term, and no affidavits having been produced,

The writ of error was dismissed, this court having no jurisdiction in the case.

—————

## LOGAN v. PATRICK.

The circuit court has jurisdiction in a suit in equity, to stay proceedings upon a judgment at law between the same parties, although the subpœna be served upon the defendant *out of the district* in which the court sits.

THIS was a case certified from the circuit court for the 7th circuit and district of Kentucky, in which the judges below differed in opinion upon the following questions:

Whether the complainant, (Logan,) who is a citizen of the *state of Kentucky, and is so stated in the* pleadings, can maintain this suit, in this court, against the defendant, who is a citizen and inhabitant of the state of Virginia, and is so stated in the pleadings, upon the following case: John Patrick obtained in this court a judgment in ejectment against David Logan, who filed a bill in equity against him to be relieved against the judgment, and to compel a conveyance of the land, and obtained an injunction to stay proceedings on the judgment; but the subpœna was not served in the district of Kentucky. Can this court entertain jurisdiction of the cause? If not, does the defendant's answering the bill, without insisting upon the objection that the process was not served upon him in the district of Kentucky, authorize the court to entertain the cause?

THE COURT, upon the first opening of the case,

said there could be no doubt of the jurisdiction of the court below, and ordered it to be certified accordingly.

LOGAN
v.
PATRICK.

----—⚙ ❀ ⚙⚬——

## RODFORD v. CRAIG.

——

NO appearance having been entered on the docket for either party in this cause, no counsel appearing, the court ordered both parties to be called, and neither of them appearing, the court ordered the writ of error to be dismissed.

If the counsel on neither side appear when the cause is called, the writ of error will be dismissed.

The same order was made in the cases of *Banks* v. *Bastrop*, *Tompkins* v. *Tompkins*, and *Buchannan* v. *Yeates*.

——⚙ ❀ ⚙——

## HARRISON v. STERRY AND OTHERS.

——

THIS was an appeal from a decree of the circuit court for the district of South Carolina, in a suit in equity, in which *Richard Harrison* was *complainant*, and the following parties defendants, viz. 1. The *United States*. 2. *Sterry* and others, assignees of *H. M. Bird* and *Benjamin Savage*. under a British commission of bankruptcy. 3. *Aspinwall* and others, assignees of *Robert Bird*, under an American commission of bankruptcy. 4. Several *American creditors* who had attached the effects of *Bird, Savage & Bird*, in South Carolina. 5. Several *British creditors* who had also attached the same effects. And, 6. *Thomas Parker*, who, by consent of the creditors, had been appointed by the court of common pleas in South Carolina, an agent for all the parties concerned, to collect and receive the debts due to *Bird, Savage & Bird*, which had been attached, and when

In the distribution of a bankrupt's effects in this country, the United States are entitled to a preference, altho' the debt was contracted by a foreigner in a foreign country; and although the United States had proved their debt under the commission of bankruptcy, and had voted for an assignee. An assignment by one partner, or the name of the
